UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ENGINEERS JOINT WELFARE, PENSION,
SUPPLEMENTAL UNEMPLOYMENT BENEFIT
AND TRAINING FUNDS, by Daniel P. Harrigan,
as Administrator; CENTRAL PENSION FUND
OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS AND PARTICIPATING
EMPLOYERS, by Michael R. Fanning, as Chief
Executive Officer; and INTERNATIONAL UNION
OF OPERATING ENGINEERS, LOCAL UNION
NO. 832, by Thomas E. Charles, as Business
Manager,

         **Plaintiffs,**

   v.             5:08-CV-1048
                     (FJS/GHL)
CATONE CONSTRUCTION COMPANY, INC.
and JOHN J. CATONE, individually and as an
Officer of Catone Construction Company, Inc.,

         **Defendants.**
_____

**APPEARANCES**              **OF COUNSEL**

**BLITMAN & KING LLP**         **JENNIFER A. CLARK, ESQ.**
Franklin Center
443 North Franklin Street
Suite 300
Syracuse, New York 13204-1415
Attorneys for Plaintiffs

**CATONE CONSTRUCTION**       **NO APPEARANCE**
**COMPANY, INC.**
322 Alden Road, Apartment D
Rochester, New York 14626-2458
Defendant

**JOHN J. CATONE**  NO APPEARANCE
322 Alden Road, Apartment D
Rochester, New York 14626-2458
Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs commenced this action on October 2, 2008.  *See* Dkt. No. 1.  On November 26, 2008, Plaintiffs served the summons and complaint in this action on Defendant Catone Construction Company, Inc. ("Catone Construction"); and, on December 29, 2008, Plaintiffs served the summons and complaint in this action on Defendant John Catone.  *See* Affidavit of Jennifer A. Clark, sworn to August 21, 2009 ("Clark Aff."), at ¶ 5 & Exhibit "B" attached thereto.  The time within which Defendants could answer or otherwise move as to the complaint expired, at the latest, on January 28, 2009.  *See id.* at ¶ 6.  On February 11, 2009, Plaintiffs filed a request for entry of default, *see* Dkt. No. 10; and, on February 12, 2009, the Clerk of the Court entered a Notice of Default against Defendants for failure to plead or otherwise respond to the complaint, *see* Dkt. No. 12; *see also* Clark Aff. at ¶ 8 & Exhibit "C" attached thereto.

Defendant Catone Construction is a party to a collective bargaining agreement with the International Union of Operating Engineers, Local No. 832 ("Agreement").  *See* Affidavit of Thomas E. Charles, sworn to August 11, 2009 ("Charles Aff."), at ¶ 3 & Exhibit "A" attached thereto.  Pursuant to the provisions of the Agreement, Defendant Catone Construction must remit fringe benefit contributions and deductions to Plaintiffs for all hours that any of its covered employees work.  Defendant John Catone owned, controlled and dominated the affairs of

Defendant Catone Construction and determined when, and if, to remit fringe benefit contributions to Plaintiffs. *See* Clark Aff. at ¶¶ 12-13. Furthermore, Defendant John Catone, as a corporate officer and fiduciary, is individually liable for failing to deliver contributions, i.e., plan assets, to Plaintiffs. *See* Affidavit of Daniel P. Harrigan, sworn to August 12, 2009 ("Harrigan Aff."), at ¶ 8; Clark Aff. at Exhibit "A" at ¶¶ 34-44, 45-66.

The rules and regulations of Plaintiff Funds' Board of Trustees and the terms and conditions of Plaintiff Funds' Agreements and Declarations of Trust and the Collection Policy bind Defendants and, together with Sections 515 and 502(g) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, 1132(g)(2), require Defendants, if they are delinquent in remitting contributions and deductions, to pay interest, the greater of interest or liquidated damages, costs and fees of collection and attorney's fees. *See* Harrigan Aff. at ¶ 13.

During the period from September 2007 through April 2008, Defendants failed timely to remit fringe benefit contributions and deductions to Plaintiffs. Therefore, Plaintiffs commenced this action to collect the delinquent fringe benefit contributions and deductions together with interest, liquidated damages, costs and fees of collection, and attorney's fees. According to Plaintiffs, Defendants owe $27,113.67 in contributions and deductions, $13,614.71 in interest through November 13, 2009, and $13,555.36 in liquidated damages. *See* Clark Aff. at ¶ 16; Harrigan Aff. at ¶¶ 19-20; Charles Aff. at ¶ 9; Affidavit of Linda DeMacy, sworn to August 7, 2009 ("Demacy Aff."), at ¶¶ 8-9 and Exhibit "A" attached thereto.

Currently before the Court is Plaintiffs' motion for entry of a final default judgment, pursuant to Rules 54(b) and 55(b) of the Federal Rules of Civil Procedure, against Defendants

with respect to Plaintiffs' First, Third and Fourth causes of action and entry of an Order with respect to Plaintiffs' Second and Fifth causes of action directing Defendants to produce their books and records for a payroll audit and retaining jurisdiction to enter judgment for any additional fringe benefit contributions and deductions that the audit uncovers.

## II. DISCUSSION

**A.     Standard of review**

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Section 1145 of Title 29 of the United States Code provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

If an employer violates § 1145, 29 U.S.C. § 1132(g)(2) provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g).

Since Defendant Catone Construction is an employer obligated to make contributions to Plaintiffs under the Agreement and has not made those required payments, the Court will apply the provisions of § 1132(g)(2) to calculate Plaintiffs' damages.

**B.    Calculation of Plaintiffs' damages**

*1. Unpaid contributions*

Plaintiffs have submitted evidence that Defendants owe them a total of $27,113.67 in

fringe benefits and deductions – $8,426.63 to Plaintiff Pension Fund, $10,038.69 to Plaintiff Welfare Fund, $1,318.95 to Plaintiff Training Fund, $5,568.90 to Plaintiff Central Pension Fund, $359.06 to Plaintiff A&S, Unicon, VPAF and Defense Fund, and $1,401.45 in dues deduction to Plaintiff Union. *See* DeMacy Aff. at ¶ 8 & Exhibit "A" attached thereto. Accordingly, the Court awards Plaintiffs **$27,113.67** in contributions and deductions as part of their judgment against Defendants.

### 2. Interest on unpaid contributions

Pursuant to the Agreement, if Defendants fail timely to remit the monies due, they are liable for interest on the unpaid and untimely paid contributions to Plaintiff Joint Benefit Funds at the rate of 2% per month, interest on the unpaid and untimely paid contributions to Plaintiff Central Pension Fund at the rate of 9% per annum, and interest on the unpaid and untimely paid dues to Local 832 at the rate of 9% per annum. *See* DeMacy Aff. at ¶ 5 (citing Harrigan Aff., Exh. "E", p. 2-3; Clark Aff., Exh. "A", ¶¶ 24, 27; Fanning Aff., Exh. "A", p. 4). Using these figures, Plaintiffs have submitted evidence to show that Defendants owe them **$13,614.71** in interest through November 13, 2009. *See id.* at ¶ 8 & Exhibit "A" attached thereto. Accordingly, the Court awards Plaintiffs **$13,614.71** in interest as part of their judgment against Defendants.

### 3. Liquidated damages

Plaintiffs are entitled to liquidated damages equal to the greater of (1) the interest on the unpaid contributions or (2) the liquidated damages provided for under the collective bargaining agreement in an amount that does not exceed twenty percent of the unpaid contributions. *See* 29

U.S.C. § 1132(g)(2)(C). In this case, Plaintiffs have submitted evidence to show that Defendants owe them **$13,555.36** in liquidated damages. *See* DeMacy Aff. at ¶ 8 & Exhibit "A" attached thereto. Accordingly, the Court awards Plaintiffs **$13,555.36** in liquidated damages as part of their judgment against Defendants.

### *4. Audit*

Pursuant to the Agreement and the Trusts and Collection Policy, Defendants are required to permit Plaintiff Funds, on demand, to check, examine and audit their books, records, papers and reports to permit Plaintiff Funds to determine whether Defendants have made full payment to Plaintiff Funds in the required amount. *See* Clark Aff. at ¶ 18. These records include, but are not limited to, payroll records, time cards, accounts payable records, general ledger, cash disbursements journal, hours report, and any other records relating to hours that all of Defendants' employees worked, whether those employees are Union, non-Union, bargaining unit or non-bargaining unit employees. *See id.* & Exhibit "A" attached thereto at ¶ 29.

Furthermore, Defendants are contractually liable to pay the costs and expenses of the audit, all auditing fees, and any and all attorney's and paralegal fees and costs that Plaintiff Funds incur in obtaining the audit. *See id.* at ¶ 19 & Exhibit "A" attached thereto at ¶ 30. Accordingly, with respect to Plaintiffs' Second and Fifth causes of action, the Court orders Defendants to produce their books and records for Plaintiffs' review and audit. Furthermore, once the audit is completed, Plaintiffs may move against Defendants to recover the costs and expenses of such audit, all auditing fees, and all attorney's and paralegal fees and costs incurred in obtaining that audit.

### 5. *Attorney's and paralegal fees and costs*

Under the terms of the Agreement, Plaintiffs' Trusts, Plaintiffs' Collection Polices and ERISA, § 1132(g)(2)(D), Defendants are liable for all attorney's fees and costs that Plaintiffs incur in collecting the amounts that Defendants owe them.

Plaintiffs seek attorney's fees at the rate of $235.00 per hour for the work that their attorney performed in this action during 2008 and at the rate of $247.00 per hour for the work that she performed in this action during 2009. *See* Clark Aff. at Exhibit "D" at 10. Furthermore, Plaintiffs seek fees for the work that three paralegals performed in this action at the rate of $128.00 per hour for their work in 2008 and $134.00 per hour for their work in 2009. *See id.* Based on these hourly rates, Plaintiffs seek attorney's fees in the amount of $5,152.84. *See id.* Finally, Plaintiffs seek costs in the amount of $1,222.51. *See id.*

In *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.2d 110 (2d Cir. 2007), the court abandoned the use of the term "lodestar" when calculating an award of attorney's fees. *See id.* at 117 & n.4 (noting, however, that it did "not purport to require future panels of this court to abandon the term – it is too well entrenched . . . ."). In its place, the court stated that it thought that "the better course – and the one most consistent with attorney's fees jurisprudence – [was] for the district court, in exercising its considerable discretion, to bear in mind *all* of the case-specific variables that [this] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* The court then defined the term "reasonable hourly rate" as "the rate a paying client would be willing to pay." *Id.* The court explained that, "[i]n determining what rate a paying client would be willing to pay,

the district court should consider, among others, the *Johnson* factors;[1] it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 117-18. Finally, the court instructed that "[t]he district court should . . . use th[e] reasonable hourly rate to calculate what can properly be termed the 'presumptively reasonable fee.'" *Id.* at 118.

Moreover, as the Second Circuit explained in *Farbotko v. Clinton County of N.Y.*, 433 F.2d 204 (2d Cir. 2005), "the equation in the case-law of a 'reasonable hourly fee' with the 'prevailing market rate' contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Id.* at 209. This inquiry "may . . . include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Id.* (citations omitted). However, the court must also evaluate the evidence that the parties proffer, keeping in mind that "the fee applicant has the burden of showing by 'satisfactory evidence – in addition to the attorney's own affidavits' – that the requested hourly rates are the prevailing market rates." *Id.* (citation omitted). Finally,

---

[1] The *Johnson* factors are as follows:

> (1) [t]he time and labor required[;] . . . (2) [t]he novelty and difficulty of the questions[;] . . . (3) [t]he skill requisite to perform the legal service properly[;] . . . (4) [t]he preclusion of other employment by the attorney due to acceptance of the case[;] . . . (5) [t]he customary fee[;] . . . (6) [w]hether the fee is fixed or contingent[;] . . . (7) [t]ime limitations imposed by the client or the circumstances[;] . . . (8) [t]he amount involved and the results obtained[;] . . . (9) [t]he experience, reputation, and ability of the attorneys[;] . . . (10) [t]he "undesirability" of the case[;] . . . (11) [t]he nature and length of the professional relationship with the client[;] . . . [and] (12) [a]wards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

the Second Circuit has held that "current rates, rather than historical rates, should be applied in order to compensate for the delay in payment." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) (citing *Missouri v. Jenkins*, 491 U.S. 274, 283-84, 109 S. Ct. 2463, 2469-70, 105 L. Ed. 2d 229 (1989)).

In her affidavit, Plaintiffs' counsel states that she is

> a partner of Blitman & King . . . [was] admitted to the bar in 1982 . . . [and that her] background and experience has [sic] included practice before administrative agencies, including the National Labor Relations Board, and state and federal courts in connection with various legal actions, including numerous actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans.

*See* Clark Aff. at ¶ 22 & n.1.

With regard to the experience of the paralegals who worked on this matter, Plaintiffs' counsel states that

> Linda L. DeMacy has worked as a legal assistant since 1980 and has been employed by Blitman & King LLP in a secretarial/paralegal capacity since December, 1991. Her experience has included assisting on numerous actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans.
>
> Jessica L. Ratkowski has worked as a legal secretary since 2000 and has been employed by Blitman & King, LLP in a secretarial/paralegal capacity since 2004. Her experience has included assisting on numerous actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans.
>
> Jennifer L. Pare worked as a legal secretary and was employed by Blitman & King, LLP in a clerical capacity from April 3, 2008 to March 2, 2009. Her experience included assisting on actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans.

*See id.*

Plaintiffs argue that the hourly rates they seek "are reasonable given the experience and reputation of the Funds' attorneys and paralegals, the time and labor required, the amount of delinquency involved, and the results obtained." *See* Plaintiffs' Memorandum of Law at 16 (citing *B.R. v. Lake Placid Central School District*, 2009 U.S. Dist. LEXIS 19348 (N.D.N.Y. 2008) (hourly rate of $235.00 per hour deemed reasonable); *Martinez v. Thompson*, 2008 U.S. Dist. LEXIS 98961 (N.D.N.Y. 2008) (awarding $275.00 per hour); *Luessenhop v. Clinton County, New York*, 558 F. Supp. 2d 247 (N.D.N.Y. 2008) (noting that the "prevailing market hourly rate is now higher than $210.00" and awarding attorneys' fees at the rate of $235.00 per hour), *aff'd*, 2009 U.S. App. LEXIS 9960 (2d Cir. 2009); *Trudeau v. Bockstein*, 2009 U.S. Dist. LEXIS 61758 (awarding hourly rates of $345.00, $275.00, $250.00 and $190.00); *Overcash v. United Abstract Group*, 549 F. Supp. 2d 193 (N.D.N.Y. 2008) (awarding $250.00 per hour)).

None of the cases that Plaintiffs cited to support the rates they seek were similar to the this case. Therefore, the Court performed its own search – albeit not an exhaustive one – of recent ERISA collection actions to help it determine what the prevailing market rates were for this type of case. *See, e.g., LaBarbera v. Fed. Metal & Glass Corp.*, No. 07 CV 3043, — F. Supp. 2d —, 2009 WL 3461880, *10 (E.D.N.Y. Oct. 27, 2009) (finding rate of $280.00 per hour for partner with ten years of experience reasonable); *Cent. N.Y. Laborers' Health & Welfare, Pension, Annuity & Training Funds v. Maxim Constr. Serv. Corp.*, No. 5:08-CV-0551, 2009 WL 2176191, *2 (N.D.N.Y. July 21, 2009) (finding the following rates reasonable: $210 per hour for experienced attorneys, $150 per hour for associates with more than four years of experience, and $80 per hour for paralegals); *Moran v. Sasso*, No. 05-4716, 2009 WL 1940785, *5 (E.D.N.Y.

July 2, 2009) (finding the following rates reasonable: $225-$235 per hour for a partner with twenty years of experience, $190 per hour for a partner with thirteen years of experience, $175-$185 per hour for an associate with nineteen years of experience, $175 per hour for an associate with two years of experience, and $75 per hour for a paralegal); *Masino v. Cityline Concrete Corp.*, No. 08-cv-1345, 2009 WL 1033392, *5 (E.D.N.Y. Apr. 16, 2009) (finding $175 per hour for an attorney and $80 per hour for a paralegal reasonable); *Delucia v. K & E Auto Repair*, No. 07-CV-3968, 2009 WL 301916, *5 (E.D.N.Y. Feb. 3, 2009) (finding $250 per hour for an attorney reasonable); *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08 CV 3387, 2009 WL 240521, *5 (E.D.N.Y. Feb. 2, 2009) (finding the following rates reasonable: $275 per hour for an attorney with more than thirty years of experience, $125 per hour for an associate with four years of experience, $100 per hour for an associate with one year of experience, and $70 per hour for an attorney who performed only clerical work and for a paralegal); *Annuity, Pension, Welfare & Training Funds of Int'l Union of Operating Eng'rs Local 14-14B, AFL-CIO v. Tricon Enters., Inc.*, No. 07-CV-3289, 2008 WL 5274165, *3 (E.D.N.Y. Nov. 20, 2008) (finding $285 per hour for an attorney reasonable); *Annuity, Pension, Welfare & Training Funds of Int'l Union of Operating Eng'rs, Local 14-14B, AFL-CIO v. North Am. Iron Works, Inc.*, No. 07-CV-2257, 2008 WL 4724507, *4 (E.D.N.Y. Oct. 24, 2008) (finding $285 per hour for an attorney's substantive legal work and $70 per hour for that attorney's administrative work, such as electronic filing, mailing papers to opposing counsel, and scheduling meetings, reasonable); *Trustees of United Teamsters Fund v. Ronnie's Truck Serv., Inc.*, No. CV-07-4456, 2008 WL 2686993, *4 (E.D.N.Y. July 8, 2008) (finding $200 per hour for an associate attorney reasonable); *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit & Training*

*Funds v. Reape*, No. 06-CV-1539, Dkt. No. 14, at 7-8 (N.D.N.Y. June 9, 2008) (finding the following rates reasonable: $210 per hour for the most experienced attorneys, $150 per hour for attorneys with four or more years of experience, $120 per hour for attorneys with fewer than four years of experience, and $80 per hour for paralegals); *Int'l Bhd. of Elec. Workers Local Union No. 1249 Pension & Ins. Funds v. Phoenix Signal & Elec. Corp*, No. 5:07-CV-146, 2008 WL 89516, *5 (N.D.N.Y. Jan. 4, 2008) (finding the following rates reasonable: $210 per hour for experienced attorneys; $150 per hour for associates with more than four years of experience and $80 per hour for paralegals); *Trustees of Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund & 401(K) Savings Plan v. Philip General Constr.*, No. 05 CV 1665, 2007 WL 3124612, *13 (E.D.N.Y. Oct. 23, 2007) (finding $160 per hour for an attorney with three years of experience and $50-$75 per hour for a paralegal reasonable).

In addition to reviewing these cases, which are more analogous to the present matter than the cases that Plaintiffs cited, the Court has taken into consideration the *Johnson* factors. In particular, the Court notes that, although Plaintiffs' attorney has many years of experience with this type of litigation, there is nothing in the record to indicate that this case involved difficult or novel questions, that it precluded Plaintiffs' attorney from accepting other employment, or that this case was "undesirable." Therefore, the Court finds that the reasonable hourly rate for an attorney with Plaintiffs' counsel's experience in this community who litigates cases such as this one, particularly where the defendant has defaulted, is $210.00. Furthermore, the Court finds that the reasonable hourly rate for the work of the paralegals involved in this case is $80 per

hour.[2]

Plaintiffs have submitted the contemporaneous time records of their attorney and the paralegals who expended time on this matter. However, the Court questions whether some of the entries in those records are related to this action or whether they are related to other actions involving the same parties. By way of example, the Court points to the following entries:

| Date | Employee | Hours | Amount | Description |
|---|---|---|---|---|
| 09/25/2008 | JAC | 0.05 | 11.75 | Conferred regarding deadline and foreclosure on bond on MCC PAC Center job and avenues to collect monies |
| 10/14/2008 | JAC | 0.05 | 11.75 | Reviewed deadlines to foreclose on City of Rochester and Monroe Community College bonds and drafted memorandum |
| 11/14/2008 | JAC | 0.20 | 47.00 | Worked on Complaint to foreclose on Monroe Community College bond and to compel audit |
| 12/02/2008 | LLD | 0.10 | 12.80 | Drafted letter to Alexander Poole & Co., Inc. forwarding Summons and Complaint on Monroe College project for service upon Arch Insurance Company |

These are only a few examples of the entries that the Court finds questionable. Furthermore, some entries appear to include some tasks that are related to this action and other tasks that are not. In light of the problems with these time records, the Court is unable to

---

[2] The Court notes that Plaintiffs' request for $128.00 and $134.00 per hour for paralegal work is significantly out-of-line with the rate for such work in all of the cases that the Court reviewed; in fact, the current rate for such work in the Eastern District of New York, where rates are usually significantly higher than the rates in this District, are the same or less than the prevailing rate in this District for such work.

determine the number of hours that Plaintiffs' attorney and the paralegals expended on this matter. Therefore, the Court denies Plaintiffs' request for attorney's fees without prejudice and directs Plaintiffs' counsel to file contemporaneous time records that accurately reflect the amount of time expended on this matter.

Plaintiffs are also entitled to recover the costs associated with this litigation, including copying costs, facsimile costs, filing fees, postage and delivery costs, costs associated with the service of the summons and complaint, and computer research costs. In their submissions, Plaintiffs state that they have expended **$1,012.51** on such items. The Court, however, is hesitant to award costs for these items because it suspects that these items may suffer from the same problem as the contemporaneous time records. This suspicion finds support in the fact that Plaintiffs seek reimbursement for the $210.00 they expended for "Index Numbers," which are not required in this Court. *See Reape*, No. 06-CV-1539, Dkt. No. 14, at 9. Therefore, the Court denies Plaintiffs' request for costs without prejudice and directs Plaintiffs' counsel to file a document that accurately depicts the expenses that are associated with this matter.

### III. CONCLUSION

After reviewing Plaintiffs' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for entry of a default judgment against Defendants with regard to Plaintiffs' First, Third, and Fourth causes of action is **GRANTED with respect to liability**; and the Court further

**ORDERS** that Plaintiffs' motion for entry of a default judgment against Defendants with

regard to Plaintiff's First, Third, and Fourth cases of action is **DENIED without prejudice with respect to damages**; and the Court further

**ORDERS** that, within **ten days** of the date of this Memorandum-Decision and Order, Plaintiffs' counsel shall file documentation, including contemporaneous time records and expense calculations, that accurately reflect the hours that Plaintiffs' counsel and the paralegals expended on this action and the expenses incurred herein;[3] and the Court further

**ORDERS** that Defendants shall produce their books and records for the period from September 1, 2007, to the present for Plaintiffs' review and inspection; and the Court further

**ORDERS** that this Court shall retain jurisdiction over this matter until Plaintiffs complete their audit of Defendants' books and records. After they complete the audit, Plaintiffs may move for entry of judgment against Defendants for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, the costs and expenses of such audit, audit fees, and attorney's and paralegal fees associated therewith.

**IT IS SO ORDERED.**

Dated: December 4, 2009
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[3] Once the Court has had an opportunity to review Plaintiffs' counsel's submissions with regard to attorney's fees and costs, it will calculate the appropriate attorney's fees award and, at that time, will enter a final judgment for the total amount that Defendants owe Plaintiffs with respect to Plaintiffs' First, Third, and Fourth Causes of Action, including unpaid contributions, interest on unpaid contributions, and liquidated damages in the amount of $54,283.74